UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEWAYNE RICHARDSON,

                Plaintiff,

   - against -

DEPARTMENT OF CORRECTION,
BRIAN FISCHER, ADA PAREZ, LT.
COFFY, LT. PHIPPS, CPT. CALERVARI,
CO KING, and N.Y.C. POLICE
DEPARTMENT 30th PRECINCT, N.Y.C.
DISTRICT ATTORNEY'S OFFICE, THE
30th PRECINCT 451 W. 151st N.Y. N.Y. 10013,
OFFICER SULLIVAN,

                Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/11

**OPINION AND ORDER**

10 Civ. 6137 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        Dewayne Richardson, proceeding pro se, filed this action pursuant to section 1983 of Title 42 of the United States Code ("section 1983") against Brian Fischer and others[1] alleging violations of his constitutional rights. Fischer now

---

[1] The correct spelling of defendant "Calervari's" name is Cpt. J. Cavaleri. Richardson also seeks to Amend the Complaint by removing ADA Parez as a defendant and adding P.O. Lorenzo and Lt. Hyland from the 30th Precinct. *See* Plaintiff's Motion to Amend the Complaint at 1. Plaintiff's Motion to Amend is hereby granted.

1

moves to dismiss Richardson's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: (1) lack of personal involvement and (2) qualified immunity. For the reasons that follow, Fischer's motion is granted and he is dismissed from this lawsuit.

## II. BACKGROUND

Dewayne Richardson is presently an inmate incarcerated at Southport Correctional Facility.[2] On February 19, 2010, while incarcerated at Downstate Correctional Facility,[3] Lieutenant Coffy ordered Lieutenant Phipps to search Richardson's cell.[4] Instead, Correctional Officer King conducted the search.[5] In Richardson's cell, King "search[ed,] read . . . [and] confiscated" Richardson's legal paperwork including a U.C.C. 1 form, his acknowledgment form from the Governor's office, and a completed power of attorney – documents that Richardson was using to appeal his conviction.[6] Richardson alleges that the Department of

---

[2] *See* Complaint ("Compl."), Ex. A to Defendant's Notice of Motion to Dismiss the Complaint, § I.A.

[3] *See id.*

[4] *See id.* § II.D.

[5] *See id.*

[6] *See id.*

2

Correction lost his legal work, hindering him from filing his appeal.[7] Richardson filed a grievance describing the incident with the Department of Correction.[8] Richardson also allegedly wrote a letter of complaint to Commissioner Brian Fischer (the "Letter"), but never received a response.[9] Richardson was placed in the Special Housing Unit, which he alleges adversely affected his mental health.[10]

Richardson alleges that the defendants infringed the copyright he claims to own in his legal work.[11] Construing Richardson's pro se complaint liberally,[12] Richardson also alleges, without specificity, that his constitutional rights were violated.[13] Richardson seeks millions of dollars in compensatory

---

[7] *See id.* § III.

[8] Grievance No. 12010 ("Pl.'s Grievance"), Ex. D to Plaintiff's Motion Against Defendant's Motion to Dismiss the Complaint ("Opp. Mem."). The Grievance was "dismissed Per Dir[ective] 4040, 701.5(b)(H)(i)(c)(2) . . . [as] not grievable." *Id.*

[9] *See* Compl. §§ IV.F.2, IV.G.

[10] *See id.*

[11] *See id.* § V.

[12] *See, e.g., Baldwin County Welcome Ctr. v. Brown*, 446 U.S. 147, 164 (1984) ("[P]ro se pleadings are to be given a liberal construction.").

[13] Richardson fails to identify the particular constitutional right that was allegedly violated. Reading his complaint liberally, Richardson claims that his due process rights were allegedly violated when his paperwork was confiscated, thereby preventing his access to the courts. *See* Compl. § III.

3

damages for his copyright infringement claim and his alleged constitutional claim.[14]

Fischer moves to dismiss the Complaint against him on the following grounds: (1) plaintiff has failed to state a plausible claim, and (2) Fischer is shielded from suit by qualified immunity.[15]

## III. LEGAL STANDARDS

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint"[16] and "draw all reasonable inferences in [the] plaintiff's favor."[17] However, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of

---

[14] *See* Compl. § V.

[15] *See* Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Complaint ("Def. Mem.") at 1-2.

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). *Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

[17] *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

truthfulness."[18] To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[19] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] Plausibility "is not akin to a probability requirement," rather plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[21]

When determining the sufficiency of a claim under Rule 12(b)(6), a court is generally required to consider only the allegations in the complaint. However, a court is allowed to consider documents outside the pleading if the documents are integral to the pleading or if they are subject to judicial notice.[22] A pro se plaintiff is entitled to have his pleadings held to "less stringent standards than formal pleadings drafted by lawyers."[23] Accordingly, a pro se plaintiff's

---

[18]  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

[19]  *Twombly*, 550 U.S. at 564.

[20]  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

[21]  *Id.* (quotation marks omitted).

[22]  *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006) (vacating district court's dismissal of plaintiff's complaint where the court relied on materials outside of the complaint).

[23]  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

papers should be interpreted "to raise the strongest arguments that they suggest."[24]

## B. Section 1983

Section 1983 states, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .[25]

Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere."[26] "The purpose of [section]1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[27]

---

[24] *Macpherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

[25] 42 U.S.C. § 1983.

[26] *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). *Accord Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("'[O]ne cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything.'") (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)).

[27] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Imposition of liability under section 1983 requires a defendant's direct involvement in the alleged constitutional violation.[28] "Thus, [a] supervisory official cannot be liable solely on account of the acts or omissions of his or her subordinates."[29] In 1995, the Second Circuit held that the personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicated that unconstitutional acts were occurring.[30] However, in 2009, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must [prove] that each

---

[28] *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'") (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991)).

[29] *Bellamy v. Mount Vernon Hosp.,* No. 07 Civ. 1801, 2009 WL 1835939, at *4 (S.D.N.Y. June 26, 2009).

[30] *See Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995).

Government-official defendant, through the official's own individual actions, has violated the Constitution."[31] "Accordingly only the first and third *Colon* factors have survived the Supreme Court's decision in *Iqbal*."[32]

### C. Qualified Immunity

Government officials performing discretionary functions are generally granted qualified immunity and are immune from suit provided that "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[33] The Second Circuit has held that "[a] right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful."[34] "Thus government officials are entitled to qualified immunity at the dismissal stage only where it appears on the face of a plaintiff's complaint that they

---

[31] *Iqbal*, 129 S. Ct. at 1948-49 (citations omitted) (explicitly rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution").

[32] *Spear v. Hugles*, No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y. July 20, 2009).

[33] *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004) (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

[34] *Id.* (quotation marks and citation omitted).

8

did not violate clearly established rights of which they should have known."[35]

## IV.   DISCUSSION

Richardson alleges that Fischer, in his supervisory capacity, knew or should have known that "these officers [Coffy, Phipps, and King] were violating [his] constitutional rights."[36] Drawing all inferences in favor of Richardson, it may be reasonably inferred that Fischer was put on notice of these allegations upon his receipt of Richardson's Letter.[37]

The Eleventh Amendment immunizes state agencies and officials acting in their official capacity from suit under section 1983.[38] The Eleventh Amendment does not, however, bar suit against a State official in his individual capacity.[39] An action against a supervisory defendant may be brought only where there is personal involvement in the unconstitutional conduct.[40] A plaintiff "cannot

---

[35] *Percinthe v. Julien*, No. 08 Civ. 893, 2008 WL 4489777, at *3 (S.D.N.Y. Oct. 4, 2008).

[36] Opp. Mem. at 1.

[37] *See* Compl. § IV.G.

[38] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)).

[39] *See Hafer v. Melo*, 502 U.S. 21, 22 (1991).

[40] *See Spear*, 2009 WL 2176725, at *2.

bring a section 1983 claim against [an individual] based solely on [his] supervisory capacity or the fact that [he] held high positions of authority."[41]

Richardson does not allege that Fischer personally participated in the alleged constitutional violations. Instead, Richardson claims that Fischer, "the head of the department," was made aware of alleged violations through the Letter and, by not responding, he became "just as responsible" for the alleged violations as his subordinates.[42]

Fischer argues that he cannot be held liable for the alleged violations based solely on his failure to respond to Richardson's Letter. Courts have held that failure to respond to a letter of complaint does not constitute the personal involvement necessary to maintain a section 1983 claim.[43] "[I]f mere receipt of a

---

[41] *Thomas v. Coombe*, No. 95 Civ. 10342, 1998 WL 391143, at *6 (S.D.N.Y. July 13, 1998); *Accord Wheat v. New York City Dep't of Corr.*, No. 10 Civ. 5459, 2010 WL 5129065, at *2 (S.D.N.Y. Dec. 15, 2010) ("Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must [prove] that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

[42] Opp. Mem. at 1.

[43] *See, e.g., Johnson v. Wright*, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2003) ("[I]t is well established that an allegation that an official ignored a prisoner's letter of protest [ . . . ] is insufficient to hold that official liable for the alleged violations."); *Davis v. City of New York*, No. 00 Civ. 4309, 2000 WL 1877045, at *8-9 (S.D.N.Y. Dec. 27, 2000) (finding that plaintiff failed to satisfy the personal involvement requirement where supervisory official ignored a letter of protest and had no other involvement in the alleged constitutional violation);

letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that [section] 1983 does not impose *respondeat superior* liability."[44] "Thus, where a supervisory official like the Commissioner of Corrections [ . . . ] receives letters or similar complaints from an inmate and does not personally respond, the supervisor is not personally involved and hence not liable" under section 1983.[45]

In his opposition papers,[46] Richardson also asserts that Fischer was "responsible for implementing rule[s 113.30 & 102.71] that deny[] inmate's access

---

*Garrido v. Coughlin,* 716 F. Supp. 98, 100 (S.D.N.Y. 1989) (complaint against the Commissioner of the Department of Correction dismissed where his only alleged connection to the case was that "he ignored [plaintiff's] letter of protest and request for an investigation of the allegations in [the] action").

[44] *Walker v. Pataro,* No. 99 Civ. 4607, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002).

[45] *Id.*

[46] I will consider the factual allegations contained in plaintiff's opposition papers to the extent they are consistent with the allegations in the Complaint. "In general, a court may not look outside the pleadings when reviewing a 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." *Burgess v. Goord,* No. 98 Civ. 2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 28, 1999) (quotation marks and citation omitted).

to the court[s]."[47] Richardson does not elaborate as to what these Rules require or prohibit, or how they infringe an inmate's constitutional rights. Richardson offers no evidence that these Rules constitute a policy or custom under the third *Colon* factor sufficient to impute liability to Fischer.[48] Nor does Richardson offer evidence showing that Fischer otherwise created or contributed to a policy or custom of unconstitutional practices.[49] The conclusory allegations of Fischer's implementation of the Rules is insufficient to establish his personal involvement in any allegedly unconstitutional custom or policy.[50] Because Richardson has failed to show Fischer's personal involvement in any alleged constitutional violation, he has not satisfied the requirements of a section 1983 claim. Accordingly, Fischer

---

[47] Opp. Mem. at 1.

[48] *Colon*, 58 F.3d at 873.

[49] *See Reinaldo Morales & Dynamic Keys v. New York City Police Dep't*, No. 97 Civ. 7151, 2000 WL 10436, at *2 (S.D.N.Y. Jan. 6, 2000) ("[P]laintiff must allege some facts that make possible the inference of a policy giving rise to [section 1983] liability.").

[50] *See Davis*, 2000 WL 1877045, at *9 (merely asserting that "[defendant] was actively involved in" an incident is conclusory and insufficient to establish defendant's personal involvement in the alleged unconstitutional custom or policy). *See also Reid v. Artuz*, 984 F. Supp. 191, 195 (S.D.N.Y. 1997) (dismissing an asthmatic prisoner's section 1983 claim against a supervisory official when the plaintiff "fail[ed] to allege, let alone establish, any factual basis upon which a fact finder could reasonably conclude personal involvement by the supervisory official defendant . . . that [defendant] created or continued a policy or custom which allowed the violation to occur").

must be dismissed from this lawsuit.[51]

## V. CONCLUSION

For the foregoing reasons, Fischer's motion to dismiss is granted and Fischer is hereby dismissed from this lawsuit. The Clerk of the Court is directed to close this motion (Docket No. 11) and Plaintiff's Motion to Amend the Complaint (Docket No. 16). A status conference with the remaining Defendants is scheduled for March 4, 2011 at 3:00 p.m., in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 28, 2011

---

[51] Qualified immunity serves as an alternative ground to dismiss Richardson's claims against Fischer who did not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." *Alster v. Goord*, No. 05 Civ. 10883, 2010 WL 3835081, at *18 (S.D.N.Y. Sept. 10, 2010). Because it was reasonable for an official in Fischer's position to ignore a prisoner's letter of protest for alleged constitutional violations, Fischer's conduct did not violate a clearly recognized right, and he is therefore shielded from this suit by qualified immunity. *See supra* note 43.

13

**-Appearances-**

**Plaintiff (Pro Se):**

Dewayne Richardson
ID # 10-A-0404
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871-2000


**For Defendant Fischer:**

Christina Okereke
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8746